## LA MASCOTTE IV.

### Nos. 2943, 13670.

District Court, E. D. New York.

April 13, 1934.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (Alfred C. McKenzie, of Brooklyn, N. Y., of counsel).

J. Hunter Lack, of Brooklyn, N. Y., for libelant Marine Basin Co.

GALSTON, District Judge.

The repairs to this vessel were made not prior, but subsequent, to the seizure thereof by the United States government, and subsequent also to the filing of the government's libel on February 2, 1933.

Section 971 of title 46, U. S. C. (46 USCA § 971), provides:

"*Persons Entitled to Lien.* Any person furnishing repairs, supplies, towage, use of dry dock or marine railway, or other necessaries, to any vessel, whether foreign or domestic, upon the order of the owner of such vessel, or of a person authorized by the owner, shall have a maritime lien on the vessel, which may be enforced by suit in rem, and it shall not be necessary to allege or prove that credit was given to the vessel. (June 5, 1920, c. 250, § 30, subsec. P, 41 Stat. 1005.)"

On January 27, 1933, while the vessel was in the custody of the collector of customs, by letter the attorneys on behalf of the owner of the vessel requested permission to have the vessel towed, at the expense of the owner, to the dry docks of the Marine Basin Company; but the attorney at law is not one of the persons authorized to procure repairs under the provisions of the foregoing section.

The Commissioner found that a Coast Guard tug on January 28, 1933, towed the vessel to the dry dock of the Marine Basin Company; and thereafter repairs to the vessel were made by the Marine Basin Company. These repairs were effected by the Marine Basin Company on the order of one Barney Reeves. But there is no proof that Reeves was either "the managing owner, ship's husband, master, or any person to whom the management of the vessel at the port of supply" was intrusted.

The Marine Basin Company knew that the vessel was in the custody of the collector of customs, and inquiry would also have revealed that the government had filed its libel. The situation called for cautious investigation and ample proof that the person seeking to have the repairs effected had authority to act for the vessel.

The lienor argues that the government, having consented to receive the benefit of the repairs, is estopped from denying that proper authority was given to have them made. I have been furnished with no precedent which shows that the doctrine of estoppel works against the United States government merely because some officer of the government stands by and permits repairs to be made to a seized vessel.

The Thomaston (D. C.) 26 F.(2d) 279, cited by the Marine Basin Company, shows merely that liens of innocent persons furnishing repairs and supplies are not extinguished by libel and forfeiture of the schooner by the government; but in that and similar cases the liens existed before the seizure. This generally is the rule which would obtain as to

prior innocent claimants. See, also, The Antigostine (D. C.) 44 F.(2d) 170.

 However, in the case at bar, the claimant is not prior but subsequent to the government, and, moreover, cannot be held to be innocent; but, on the contrary, everything points to knowledge on the part of the lienor that the vessel had been seized by the government for a violation of law.

The exceptions to the report of the Commissioner are overruled, and the motion to confirm the report and dismissing the claim of the Marine Basin Company, Inc., and decreeing forfeiture in. favor of the United States for violation of the Tariff Act, is granted.

Settle order on notice.